**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **Liquidator, L. TIM WAGNER on behalf of AMWEST SURETY INSURANCE COMPANY,** : : : : **Plaintiff,** : : v. : : **THE UNITED BANKING COMPANY,** : : **Defendant.** : : : | **Civil Action No. 7:05-CV-92 (HL)** |

# <u>ORDER</u>

As part of the initial review process, the Court determines whether a proper jurisdictional basis exists for each case. Because federal courts have only limited jurisdiction, the Court can only proceed with the requisite jurisdiction. <u>Save the Bay, Inc. v.United States Army</u>, 639 F.2d 1100, 1102 (5th Cir. 1981).[1] It is generally a plaintiff's burden to allege, with particularity, facts necessary to establish jurisdiction. <u>Morrison v. Allstate Indem. Co.</u>, 228 F.3d 1255, 1273 (11th Cir. 2000). A federal court's jurisdiction can be based on either a federal question or diversity of citizenship; however, as Plaintiff, in the present case, attempts to base only upon diversity of citizenship, the Court will not address the requirements of federal question jurisdiction. Likewise, although diversity jurisdiction requires both a claim that exceeds $75,000 and parties

---

[1] Decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to September 30, 1981 are binding precedent in the Eleventh Circuit. <u>Bonner v. City of Pritchard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981).

that are citizens of different States, the Court will not address the amount in controversy requirement as Plaintiff has sufficiently alleged facts that satisfy said requirement. See 28 U.S.C. § 1332(a)(1) (2000).

Although there is no statutory definition of citizenship with regard to natural persons, federal courts hold citizenship is equivalent to domicile for purposes of diversity jurisdiction. McCormick v. Anderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). Domicile generally requires physical presence in the state and the intent to make the state one's "'true, fixed, and permanent home and principal establishment.'" Id. (quoting Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir.1974)). Accordingly, a person may reside in one place but be domiciled in another. Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989). Thus, merely alleging a party's residency is not enough to establish citizenship for diversity purposes.

In contrast, a corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1) (2000). Although not defined by any federal statue, a corporation's principal place of business has been defined by federal case law. The Eleventh Circuit Court of Appeals has adopted the "total activities" test to determine a corporation's principal place of business. See Vareka Invs., N.V. v. Am. Inv. Props., Inc., 724 F.2d 907, 910 (11th Cir.1984). "Under this test, if a corporation conducts the vast majority of its physical operations in a particular state, that state will contain its principal place of business; however, if a corporation's physical activities are negligible or are dispersed across several states, 'the nerve center, or corporate offices, will be the principal

place of business.'"<u>MacGinnitie v. Hobbs Group</u>, 2005 WL 1922572,*3 (11th Cir. 2005) (quoting <u>Toms v. Country Quality Meats, Inc.</u>, 610 F.2d 313, 315 (5th Cir.1980). Accordingly, only stating that a corporation does business in a particular state is not enough to establish the citizenship of a corporation.

Here, Plaintiff has failed to plead citizenship correctly. Plaintiff states the Court has jurisdiction because Plaintiff resides in Nebraska and Defendant is a bank that does business and resides in Georgia. Allegations regarding residency tell the Court nothing. In lieu of residency, Plaintiff must allege the states of which the parties are citizens.  Additionally, complete diversity must exist between all parties for the court to retain jurisdiction; this means that every plaintiff must be a citizen of a different state than every defendant.

The Plaintiff has twenty days, from the entry of this order on the docket, to correct his deficient allegations of citizenship by amending his complaint. If Plaintiff fails to do so, the case will be dismissed for lack of jurisdiction.

**SO ORDERED**, this the 16th day of September, 2005.


<u>s/  Hugh Lawson</u>
**HUGH LAWSON, Judge**


scs